IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELLIOT HAWKINS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>GAGE COUNTY, NEBRASKA, et. al.;<br><br>                    Defendants. | 4:13CV3009<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Defendants' Motion for Protective Order and Objection to Notice of Deposition with Respect to Millard Gustafson, (Filing No. 15). For the reasons set forth below the motion will be granted without prejudice to the plaintiff re-filing the motion at a later date.

## BACKGROUND

      Plaintiff sued the defendants for allegedly violating his civil rights during their investigation of an alleged sexual assault. Defendants have moved for summary judgment based on qualified immunity. Limited discovery has proceeded in this case including the depositions of Defendants Brandon Schley and John Chavez, two of the investigators in the underlying sexual assault case brought against Plaintiff.

      Plaintiff has now noticed the deposition of Gage County Sheriff Millard Gustafson. Gustafson is not a named defendant in the case, but Plaintiff seeks his deposition because Gustafson "made statements to the press indicating he was in charge of the investigation and . . . indicat[ed] knowledge of the status of the investigation." Filing No. 20, at CM/ECF p. 9. Defendants subsequently filed a motion for summary judgment based on the issue of qualified immunity and resists Plaintiff's efforts to take the deposition of Gustafson.

LEGAL ANALYSIS

The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. Harlow v. Fitzgerald, 457 U.S. 800, 817-818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability." Hunter v. Bryant, 502 U.S. 224 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See Ballard v. Heineman, 548 F.3d 1132 (8th Cir. 2008). A plaintiff may move to conduct limited discovery, but any such motion must indicate "specific facts . . . discovery might uncover" regarding the qualified immunity defense. Fed. R. Civ. P. 56(f); Ballard, 548 F.3d at 1137; see also Britton v. Thompson, No. 7:08cv5008, 2009 WL 2365389 (D. Neb. July 29, 2009).

Here the parties commenced limited discovery, (see Filing No. 6), on the issue of qualified immunity and Defendants have consented to the depositions of two of the investigators for the Gage County Sheriff's Department. Plaintiffs seek to depose Gustafson so that Plaintiff can "explore what was being portrayed to him to make the comments [to the media] that this was the worst sexual assault he had seen in his 36 years." Filing No. 20, at CM/ECF p. 9.

Gustafson submitted a sworn affidavit that he "did not directly or personally conduct any investigative tasks regarding the alleged sexual assault" and that his knowledge of the case came from approximately two or three debriefings "in which officers who were directly involved in the investigation verbally discussed the case." Filing No. 16-1, at CM/ECF p. 2. Thus, he asserts his knowledge is limited to what he was told by the investigators.

Plaintiff has had the opportunity to depose at least two of the investigators in this case and review a copy of the Gage County Sheriff's Office investigative file regarding the

alleged sexual assault submitted in support of Defendants' motion for summary judgment. The evidence now available to the plaintiff should provide him with an accurate picture of how the defendants conducted their investigation. Other than wanting to "explore what was being portrayed to [Gustafson]" by the investigators, plaintiff has not identified what further information he needs or expects to receive from Gustafson that will address the issue of qualified immunity and whether the investigating officers committed a violation of Plaintiff's clearly established constitutional rights. Further, Plaintiff did not provide any evidence in support of his claim that Gustafson's deposition was necessary. Specifically, he did not address the exact nature of Gustafson's alleged statements to the media, or when and to whom they were made. Plaintiff's curiosity regarding the debriefings and the alleged statements made by Gustafson to the media is simply not sufficient to overcome Gustafson's sworn statements regarding his very limited knowledge of the case. Accordingly, Gustafson should not be subjected to a deposition at this juncture in the case.

IT IS ORDERED, that Defendants Motion for Protective Order, (Filing No. 15) is granted without prejudice to Plaintiff re-noticing the deposition of Millard Gustafson on any issues remaining after the ruling on the pending motion for summary judgment.

Dated this 4th day of June, 2013.

<div style="text-align: right;">
BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge
</div>